UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **MELBA NEWBERRY and MELINDA NEWBERRY,** § § § § | |
| plaintiffs, § | |
| § | |
| v. § | Case 3:23-cv-61 |
| § | |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as owner trustee of CSMC 2018-SP3 trust,** § § § § § § | |
| defendant. § | |

## WILMINGTON'S REMOVAL NOTICE

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee of CSMC 2018-SP3 trust (**Wilmington**), removes Melba Newberry and Melinda Newberry's state court action to this court pursuant to 28 USC §§ 1332 and 1441.

### I.   STATEMENT OF THE CASE

1.   On February 8, 2023, the Newberrys sued Wilmington in the case styled *Melba Newberry, et al. v. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee of CSMC 2018-SP3 trust* and assigned case 23-CV-0222 in the 405th District Court of Galveston County, Texas. (orig. pet., **ex. 1**.) The Newberrys sue for a declaration Wilmington has no authority to foreclose its security instrument against the property at 201 Leisure Lane, Alvin, Texas 77511 "due to its failure substantially perform under the [loan] agreement and/or lien and due to the expiration of limitations." (*Id*. at ¶ 16, **ex. 1**.) They also sue to quiet title, for violation of the Texas Debt Collection Act and for negligent misrepresentation. (*Id*. at ¶¶ 18, 19, & 20, **ex. 1**.) They seek unspecified compensatory, economic, statutory, treble, equitable, unliquidated, liquidated, and actual damages and attorneys' fees. (*Id*. at ¶¶ 21, 22, & p. 8, **ex. 1**.)

## II.    BASIS FOR DIVERSITY JURISDICTION

2.    The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.    The parties are citizens of different states.**

3.    Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005).

4.    The Newberrys are both citizens of Texas because they plead they are domiciled in Harris and Galveston counties, Texas.  (orig. pet., at ¶¶ 4-5, **ex. 1**.); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.,* 485 F.3d 793, 797-98 (5th Cir. 2007).

5.    Wilmington is a Delaware citizen.  Wilmington is sued in its capacity as trustee for TOWD Point Mortgage Trust 2019-4.  When a trustee is sued in its capacity as trustee of a trust, the trustee's citizenship controls so long as it is an active trustee whose control over the assets held in its name is real and substantial.  *Bynane v. Bank of New York Mellon*, 866 F.3d 351, 357 (5th Cit. 2017) (citing *Navarro v. Sav. Ass'n v. Lee*, 446 U.S. 458, 464-465 (1980); *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 283-238 (2016)).  Wilmington's citizenship controls because it holds legal title to, and broad authority over, the trust assets on behalf of the trust.  As a federal savings association organized under the laws of the United States, Wilmington is a citizen of the state in which it has its home office.  12 USC § 1464(x) (a "federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office"); *Id*. § 1464(a)(1) (definition of "federal savings associations" "include[s] federal savings banks"); *Wilmington Savs. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 283 (D. Conn. 2016). Wilmington's home office is in Wilmington, Delaware.

**B.      The amount in controversy exceeds $75,000.**

6.      When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if "(**1**) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (**2**) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

7.      "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); see also *Nationstar Mortg., LLC v. Knox,* 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp*., 296 F.2d 545, 547-48 (5th Cir. 1961)).

8.      The object of this litigation—201 Leisure Lane, Alvin, Texas 77511—is valued at $293,510 by the Galveston Central Appraisal District. (appraisal dist. report, **ex. 8**.) *See e.g.*, *Anderson v. Wells Fargo Bank, N.A*., No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $114,000,

according to the Denton County Central Appraisal District. Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.") The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

### III.   PROCEDURAL REQUIREMENTS SATISFIED

9. Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of Wilmington's receipt of the petition and citation through service of process, if at all. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (requiring formal service of process to trigger removal deadline). Venue is proper in this court because the United States District Court for the Southern District of Texas, Galveston Division, embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding this removal. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-4**.

### IV.   CONCLUSION

The parties are completely diverse and the amount in controversy exceeds $75,000. This court may exercise diversity jurisdiction.

Date: February 27, 2023                                        Respectfully submitted,

    */s/ Michael J. McKleroy*
Michael J. McKleroy
SBN: 24000095, FBN: 576095
mmckleroy@hinshawlaw.com
 --*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
Alfredo Ramos
SBN: 24110251, FBN: 3687680
framos@hinshawlaw.com
HINSHAW & CULBERTSON, LLP
2001 Ross Avenue, Suite 700
Dallas, Texas 75201
Telephone: 945-229-6380
Facsimile: 312-704-3001

**ATTORNEYS FOR WILMINGTON**

### CERTIFICATE OF SERVICE

A true and correct copy of this document was served on February 27, 2023 as follows:

LaToya Jarrett
Jarrett Law Firm, PLLC
3033 Chimney Rock, Suite 610
Houston, Texas 77056
**VIA CERTIFIED MAIL RECEIPT
NO. 7021 0350 0001 1552 9322
AND VIA CM/ECF SYSTEM**

    */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.